**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Ricardo Fishbourne, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Warden Williams; Warden ) <br> Robinson; South Carolina ) <br> Department of Corrections; DHO ) <br> Williams; DHO Robinson; and ) <br> Kiesha Jones, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 8:21-cv-02964-TMC <br><br> **ORDER** |

Plaintiff Ricardo Fishbourne ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On September 24, 2021, the magistrate judge issued a Report and Recommendation ("Report") finding the case was subject to summary dismissal, recommending that the court dismiss this action without issuance and service of process, and recommending that the court count the dismissal as a strike pursuant to 28 U.S.C. § 1915(g). (ECF No. 11). On October 4, 2021, Plaintiff filed objections to the Report, (ECF No. 15), and then filed

various motions to amend his complaint (ECF Nos. 16, 17), for injunctive relief (ECF No. 18), to transfer to another prison (ECF No. 21), and to show cause (ECF No. 25). This matter is now ripe for review.

## I. BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 11 at 2–5). The court notes that the allegations currently before the court are substantially the same as those asserted by Plaintiff in a previous lawsuit which this court dismissed as frivolous. *See Fishbourne v. Fed. Bureau of Investigation*, No. 8:20-cv-01480-TMC, 2020 WL 2785021, at *3 (D.S.C. May 28, 2020), *aff'd*, 832 Fed. App'x 222 (4th Cir. 2020). Briefly, Plaintiff believes that he is the target of a harassment campaign directed against him by Defendant South Carolina Department of Corrections ("SCDC") which is allegedly conspiring with the Federal Bureau of Investigation ("FBI"), the Internal Revenue Service ("IRS"), and the South Carolina Law Enforcement Division ("SLED"). (ECF Nos. 1 at 8–16; 11 at 2, 4–5). Plaintiff believes that SCDC wishes to prevent him from exposing this conspiracy and, therefore, enlisted various fellow inmates as part of a "snitch network" against him. (ECF No. 1 at 12). Prison officials, according to Plaintiff, have subjected him to cruel and unusual punishment by allowing him to be assaulted and harassed. *Id*. at 15. Plaintiff states that he is a "King and has sovereignty so to try to overthrow me

is an act of TREASON." *Id*. at 12.  Plaintiff seeks injunctive relieve to stop the campaign of harassment against him. *Id*. at 19.

Plaintiff also claims that during a hearing for a prison disciplinary infraction for which he was found guilty, he was not permitted to confront his accuser. *Id*. at 4.  As a result, he claims his conviction was wrongful and that he should be compensated for the resulting three months of lockup he received. *Id*. at 20.

Finally, Plaintiff alleges that Defendant Kiesha Jones ("Jones"), an employee in the prison mailroom, intercepted his mail and thereby thwarted his attempts at pursuing a grievance regarding his disciplinary conviction and prevented him from pursuing review with the United States Supreme Court in *Fishbourne v. Colleton Cty. Solic. Off.*, No. 2:20-CV-00122-TMC, 2020 WL 1685349, at *1 (D.S.C. Apr. 7, 2020) (dismissing complaint as frivolous and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)), *aff'd*, 823 Fed. App'x 199 (4th Cir. 2020).  *Id*. at 5, 7.  Plaintiff seeks an order from this court expunging the disciplinary infraction from his state prison record. *Id*. at 20.

## II. STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo*

3

determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered

by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

**The Report**

The magistrate judge issued a very thorough 30-page Report recommending dismissal based on several conclusions. (ECF No. 11 at 29–30). First, the magistrate judge concluded that SCDC, as a state agency, is not a "person" amenable to suit under § 1983 and, therefore, should be dismissed from this action. *Id.* at 8–9. Second, the magistrate judge found that Plaintiff failed to allege any facts reflecting that Defendants Warden Williams, Warden Robinson, or DHO Robinson were directly involved in the purported unconstitutional conduct, and that there are no

5

factual allegations which would subject these Defendants to supervisory liability. *Id*. at 9–11.

Third, the magistrate judge concluded that the three causes of action she gleaned from Plaintiff's complaint should be dismissed "because Plaintiff's allegations fail to state a claim for relief and/or are frivolous." *Id*. at 11. To the extent Plaintiff asserts a claim for the denial of due process related to his prison disciplinary hearing, the magistrate judge concluded Plaintiff failed to assert a plausible claim because there "is no constitutional right to confront and cross-examine witnesses in person during a prison disciplinary proceeding." *Id*. at 12 (internal quotation marks omitted) (citing *Wolff v. McDonell*, 418 U.S. 539, 556 (1974); *Brown v. Braxton*, 373 F.3d 501, 504 (4th Cir. 2004); *Sibley v. Mullins*, No. 7:19-cv-00157, 2019 WL 2125841, at *1 (W.D. Va. May 15, 2019)). To the extent that Plaintiff asserts a claim for denial of access to the courts based on Jones alleged interference in the prison mailroom with Plaintiff's attempts to file grievances in state court, the magistrate judge concluded that Plaintiff has "not demonstrated that he was hindered from raising his claim in this Court, and he therefore cannot show that he was denied access to the courts. Indeed, Plaintiff was able pursue his claim in this Court as is evidenced by the filing of the present action." *Id*. at 18. As for Plaintiff's claim that Jones's interference with his mail prevented him from seeking certiorari review by the Supreme Court in *Fishbourne v. Colleton Cty. Solic. Off.*,

6

2:20-CV-00122-TMC, the magistrate judge concluded that Plaintiff cannot show he was hindered from litigating a non-frivolous claim as that action was "patently frivolous." *Id*. at 20–21.[1] Additionally, the magistrate judge noted that Plaintiff failed to exhaust his claim for denial of access to the courts through the administrative grievance process. *Id*. at 24 n.13.

Fourth, with respect to Plaintiff's cruel and unusual punishment claim, this court's duty, as correctly noted by the magistrate judge, *id*. at 25, is to review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "In its frivolity review, the court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios." *Mescall v. United States Dep't of Treasury*, No. 3:21-cv-253-RJC, 2022 WL 1608568, at *3 (W.D.N.C. May 20, 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). The magistrate judge found that "Plaintiff's Complaint is comprised of factual

---

[1] The magistrate judge also construed Plaintiff's complaint as asserting a denial of access to the courts claim in connection with one of his state post-conviction relief actions. (ECF No. 11 at 21–24 (citing *Fishburne v. State*, No. 2019-CP-15-00111, Colleton County Public Index, https://publicindex.sccourts.org/Colleton/PublicIndex/PISearch.aspx (last visited June 29, 2022))). The magistrate judge found "no evidence that Plaintiff missed any deadlines or was prevented from litigating his PCR action." *Id*. at 21. The magistrate judge noted, among other things, that "the PCR action involved a meritless, frivolous claim and was dismissed as time-barred and successive—not because of any inability of Plaintiff to litigate his claim or access the court" and concluded "there is no indication that Plaintiff suffered any prejudice in the PCR proceeding" as a result of the alleged actions of Jones or any other Defendant. *Id*. at 22–23.

allegations that are wholly incredible and which fail to state a claim for relief that is plausible," (ECF No. 11 at 26), citing his claims that the SCDC is conspiring with federal agencies to target him and that he enjoys sovereign immunity, *id*. at 24. Further, the magistrate judge found that Plaintiff's claim for cruel and unusual punishment should be dismissed on the additional ground that "it is duplicative of a similar claim asserted in [the] prior action" of *Fishbourne v. FBI*, No. 8:20-cv-01480-TMC-JDA (D.S.C. Apr. 17, 2020). (ECF No. 11 at 27).

Accordingly, the magistrate judge recommended that the court dismiss this action without issuance and service of process pursuant to 28 U.S.C. § 1915A. (ECF No. 11 at 29–30). Additionally, the magistrate judge noted that "Plaintiff cannot cure the defects in his Complaint by mere amendment and therefore recommends that the instant action be dismissed without affording Plaintiff an opportunity to amend because further amendment would be futile." *Id*. at 30 n.14. And, finally, the magistrate judge recommended that this case be deemed a strike for purposes of the Prison Litigation Reform Act's ("PLRA") three strikes rule under 28 U.S.C. § 1915(g), explaining that "Plaintiff is a frequent filer," "the Complaint is subject to summary dismissal for failure to state a claim and for being frivolous," and that "certain claims in this action are duplicative of prior frivolous claims filed in other cases in this Court." (ECF No. 11 at 29).

**Plaintiff's Objections**

Plaintiff filed 17 pages of objections to the Report, (ECF No. 15), which merely restate the allegations and claims set forth in the complaint and fail to address the dispositive portions of the Report. Some portions of the objections are either incomprehensible or totally frivolous. For example, Plaintiff states the government network conspires against him using telepathy, *id*. at 9, and that the assigned magistrate judge is participating in a human trafficking scheme against him and should be disqualified, *id*. at 12. Even applying the liberal construction that courts must afford *pro se* filings, the court concludes Plaintiff's objections fail to specifically challenge any of the findings or conclusions in the Report. Rather, the objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims. Restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Howard*, 408 F. Supp. 3d at 726. Accordingly, the court concludes Plaintiff's objections are wholly without merit and overrules them.

**Other pending motions**

After filing objections (ECF No. 15) to the Report, Plaintiff filed two motions for leave to file an amended complaint (ECF Nos. 16, 17). These motions, which are substantially similar, continue to repeat his claim that he has been subjected to harassment from a network of prison "snitches" who are acting against him at the

9

direction of SCDC, the FBI, and SLED.  Plaintiff also names additional defendants who he believes are participating and/or directing this nefarious network.  The proposed amended complaints, however, fail to cure the defects in Plaintiff's lawsuit identified in the Report.  Accordingly, the motions to amend (ECF Nos. 16, 17) are **DENIED**.

Plaintiff also filed two motions seeking emergency injunctive relief in the form of an order requiring SCDC to transfer him to another prison or to place him in protective custody.  (ECF Nos. 18, 21).  To obtain a preliminary injunction or a temporary restraining order, a party must make a "clear showing" that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 21 (2008); *see Smith v Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006).  For the reasons stated in the Report and adopted by the court, Plaintiff has not shown he is likely to succeed on the merits.  Plaintiff's motion for emergency injunctive relief (ECF No. 18) and for a transfer (ECF No. 21) are both **DENIED**.

Finally, Plaintiff filed a motion for an "Order to Show Cause" (ECF No. 25) essentially arguing that his action should be permitted to go forward.  The court construes this motion as attempting to set forth supplemental objections to the Report.  However, the document fails to provide any basis for the court to deviate

from the findings, conclusions, and recommendations in the Report. Accordingly, the court overrules these objections and **DENIES** the motion for "Order to Show Cause" (ECF No. 25).

**Recommendation this action be deemed a "Strike" under 28 U.S.C. § 1915(g)**

The PLRA limits the number of civil actions a prisoner can file without prepayment of the filing fees, known as the Three-Strikes Rule. *See* 28 U.S.C. § 1915(g); *see also Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The Three-Strikes Rule provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The magistrate judge recommended this action be deemed a "strike" in light of its duplicative and frivolous nature. (ECF No. 11 at 29). The court agrees. This matter shall count as one "strike" under the PLRA due to its frivolous and duplicative nature.

## IV. CONCLUSION

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition.

The court adopts the magistrate judge's Report, (ECF No. 11), and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process. Furthermore, the court deems this action as a **STRIKE** for purposes of 28 U.S.C. § 1915(g). Finally, all other pending motions in this action (ECF Nos. 16, 17, 18, 21, 25) are **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 30, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.